E-filed in the Office of the Clerk
for the Business Court of Texas
10/30/2024 10:46 AM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0005



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| ENERGY TRANSFER LP (formerly known as ENERGY TRANSFER OPERATING, L.P.) and ETC TEXAS PIPELINE LTD., *Plaintiffs*,<br><br>v.<br><br>CULBERSON MIDSTREAM LLC, CULBERSON MIDSTREAM EQUITY, LLC, MOONTOWER RESOURCES GATHERINGS, LLC, MOONTOWER RESOURCES OPERATING, LLC, and MOONTOWER RESOURCES WI, LLC, *Defendants* | § § § § § § § § § § § § § § § | Cause No. 24-BC01B-0005 |

## OPINION AND ORDER

Before the court is defendants' motion to remand this case.[1] The court

grants that motion because plaintiffs filed this suit on April 8, 2022, but this

---

[1] Although defendants' October 10, 2024, filings is captioned, "Defendants' Brief in Support of Remand," their conclusion and prayer objects to this court's authority to hear this case and asked this court to remand the case to the district court. Because the defendants' brief in support of remand is in substance a motion to remand, the court treats

court does not have authority over cases filed before September 1, 2024. Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 8, 2023 Tex. Sess. Law Serv. 919, 929 (H.B. 19).

## I. Background

On April 8, 2022, Energy Transfer LP; Energy Transfer Operating, L.P.; and ETC Texas Pipeline, Ltd. sued Culberson Midstream LLC; Culberson Midstream Equity, LLC; and Moontower Resources Gathering, LLC in the 193rd District Court of Dallas, Texas. Plaintiffs asserted declaratory judgment and contract breach claims regarding a gas gathering and processing agreement. Thereafter, the defendants appeared. The district court's docket sheet shows fifty-seven pages of district and appellate court activity from April 8, 2022, until August 31, 2024.

Plaintiffs removed the case to this court on September 30, 2024. Their removal appendix filed the next day contains eighteen volumes spread over six .pdf files. They later filed supplemental appendices.

On October 1st, this court requested briefs regarding what effect H.B. 19, § 8 has on this court's authority to hear this case. H.B. 19, § 1's operative

---

it as such. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (treat a pleading's substance over form).

sections are codified as Government Code §§ 25A.001-25A.020. GOV'T CODE §§ 25A.001-25A.020.

Nine days later, defendants moved for remand asserting two arguments: (i) this case is not removable under § 25A.006 because H.B. 19, § 8's plain text means that chapter 25A is restricted to actions commenced on or after September 1, 2024, thus precluding application to this 2022 case; and (ii) applying H.B. 19 retroactively would be unconstitutional.

Plaintiffs responded with these arguments:

> *First,* the plain text of H.B. 19, § 8 shows no prohibition to the removal of cases, only an affirmation of this Court's ability to start accepting cases on September 1, 2024.

> *Second,* H.B. 19 (including § 8) is a procedural, as opposed to substantive, statute; accordingly, its removal process should apply to ongoing, pre-September 1, 2024 [sic] cases.

> And *third,* when the Legislature has excluded cases of a certain age from a new statutory scheme, it used specific language that is not in H.B. 19, § 8.

Defendants replied with statutory text, a public policy, legislative history, and other arguments.

Neither side contends that there are disputed fact issues, and the court does not find any. Nor do the parties contend that H.B. 19 is ambiguous on

this issue, and the court does not discern any such ambiguity. Finally, no party requested oral argument.

## II. Analysis

### A. Overview

The issue is whether H.B. 19, § 8 restricts the court's authority to act to cases commenced on or after September 1, 2024, as defendants contend, or whether § 8 marks the date when the court can begin accepting cases, as plaintiffs contend. For the following reasons, the court concludes that § 8 serves both purposes. Thus, the court lacks authority to hear this 2022 case.

### B. Applicable Law

This is a statutory construction issue, which is a legal question. *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding). The applicable principles are:

> When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." We construe statutes and related provisions as a whole, not in isolation, . . ., and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, . . ..

*Id.* (citations omitted).

On June 9, 2023, Governor Abbott signed H.B. 19. H.B. 19, § 1 states:

SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows: . . ..

H.B. 19, § 1. Thereafter, H.B. 19, § 1 adds twenty sections regarding the business court's operation, including §§ 25A.004 and 25A.006 concerning the court's jurisdiction, removal, and remand rules.

Under § 25A.006(f)(1), a party may file an unagreed removal notice within thirty days after it discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the case. GOV'T CODE, § 25A.006(f)(1). Based on this section, plaintiffs contend that their removal is timely because they filed their notice within thirty days after September 1, 2024, when the court's jurisdiction became effective.

But H.B. 19 has seven other enabling provisions, including §§ 8 and 9:

SECTION 8. The changes in the law made by this Act Apply to civil actions commenced on or after September 1, 2024.

SECTION 9. This Act takes effect September 1, 2023.

Because plaintiffs first and third arguments are related, the court addresses them together.

**C. H.B.19's plain text is dispositive.**

**1. The Statute's Plain Text**

Section 25A.006 permits removal of cases to the business court if the case meets business court jurisdictional requirements. *Id.* § 25A.006((d)-(h). But § 25A.006 does not address whether cases, like this one, filed before September 1, 2024, are removable. Nor does any other part of chapter 25A. Rather, one must consider H.B. 19 as a whole to resolve that issue. Sections 8 and 9 provide that resolution.

Section 9 establishes that the statute became effective on September 1, 2023. That is, § 9 was the start date for ramping up this brand-new court to begin hearing cases. Based on § 9 alone, Government Code § 25A.006 would appear to allow parties to remove pending cases to this court beginning on September 1, 2023. But removals were not practical then because on that date this court had no court space, judges, staff, equipment, supplies, systems, rules, and other things needed to function. So, the legislature provided one-year for the court to become ready to begin accepting cases. H.B. 19, § 8 is that authorizing statute.

Section 8 does more than set the court's first operational date. If that were all that § 8 does, it would read, "The court may begin accepting cases beginning on September 1, 2024." But that is not what § 8 says.

Rather, § 8 also limits H.B. 19's changes to the law to cases commenced on or after September 1, 2024—a full year after the statute's effective date. Section 8's "this Act" in this context means entire H.B. 19, which begins with "An ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." *See* H.B. 19, preface. Section 1 thereafter amends the Government Code by "adding" chapter 25A and its twenty sections. *Id.* Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law.

This court presumes the legislature wrote § 8 the way it did for a reason and cannot ignore its plain language. *In re Panchakarla*, 602 S.W.3d at 540. Nor may it judicially amend the statute. *Id.* Indeed, H.B. 19's plain "text is the alpha and omega of the interpretative process." *Id.* at 540-41 (*quoting BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).

Accordingly, this court must construe § 8 as limiting § 25A.006's removal provisions to cases filed on or after September 1, 2024.

## 2. Plaintiffs' Arguments

Nonetheless, plaintiffs' first argument is that § 8 does not contain the word "only" and shows no affirmative prohibition to removing pre-September 1, 2024, cases and merely affirms the court's ability to start accepting cases on that date. This argument has several deficits.

To begin, that § 8 restricts the court's entire chapter 25A authority to act to cases filed on or after September 1st necessarily restricts all chapter 25A provisions to cases filed on or after that date. So, no specific reference to removals is necessary to preclude removing cases filed before September 1, 2024.

Next, plaintiffs cite five examples of legislative enactments saying that the Act applies "only to" cases filed on or after the Act's effective date and stating that a case filed before the Act's effective date is governed by the law existing before that date. From there, they argue that (i) those words in those other statutes have meaning and (ii) their absence here means H.B. 19 does not so restrict its procedural application to post-September 1, 2024, filed cases. However, on at least one occasion the legislature included specific language expressly applying a change in law to pending actions:

SECTION 10. (a) Except as provided in Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249). Thus, by plaintiffs' reasoning, language of this sort would be necessary for chapter 25A to have retroactive application to pre-September 1, 2024, cases. But no such language exists here either.

Finally, stating that the statute's changes in the law apply to cases filed on or after September 1, 2024, implies that the changes in the law—including the removal provisions—do not apply to cases filed before that date. *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011) (*inclusio unius est exclusio alterius* applies absent a valid alternative construction); Justice Antonin Scalia and James A. Garner, Reading Law 107-11 (2012) (Negative Implication Canon). Here there is no other valid construction. The legislature could have written the court "may begin accepting cases on or after September 1, 2024" had that been its intent. But they did not say that, and we cannot rewrite the statute to expand the scope of cases removable to this court. *In re Panchakarla*, 602 S.W.3d at 540.

### 3. Remaining Arguments

Plaintiffs next address defendants' argument that applying chapter 25A to cases filed before September 1st would be unconstitutional because H.B. 19 is a procedural statute for which retroactive application is not an impediment. Since the court resolves this case based on statutory text, it does not reach this argument. Likewise, the court does not address defendants' remaining arguments.

## III. Conclusion

Accordingly, the court concludes that H.B. 19's plain text precludes plaintiffs' removal and remands this case to the 193rd District Court of Dallas County, Texas.

It is so Ordered.

_/s/ Bill Whitehill_
BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: October 30, 2024

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93731603
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 10/30/2024 11:01 AM CST

Associated Case Party: ENERGY TRANSFER LP (formerly known as ENERGY TRANSFER OPERATING, L.P.)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gina Flores | | gflores@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Andres Correa | | acorrea@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Julie Archuleta | | jarchuleta@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |

Associated Case Party: ETC TEXAS PIPELINE, LTD.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael P.Lynn | | mlynn@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Andres Correa | | acorrea@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |
| Kyle A.Gardner | | kgardner@lynnllp.com | 10/30/2024 10:46:41 AM | SENT |

Associated Case Party: CULBERSON MIDSTREAM LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Malouf | | maloufs@smalouf.com | 10/30/2024 10:46:41 AM | SENT |
| Jonathan Nockels | | jnockels@smalouf.com | 10/30/2024 10:46:41 AM | SENT |
| Aidee Sierra | | asierra@smalouf.com | 10/30/2024 10:46:41 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93731603
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 10/30/2024 11:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bradley Gordon | | brad.gordon@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Joel Reese | | joel.reese@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Joseph Mastrogiovanni, Jr. | | jmastro@jmastrogiovanni.com | 10/30/2024 10:46:41 AM | SENT |
| Adam Sanderson | | Adam.sanderson@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Gary Wallace | | gwallace@jmastrogiovanni.com | 10/30/2024 10:46:41 AM | SENT |
| Allison Cook | | allison.cook@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Bella Lee | | bella.lee@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Brett Rosenthal | | brett.rosenthal@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Dee Dee Carr | | deedee.carr@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |
| Tyler Bexley | | tyler.bexley@rm-firm.com | 10/30/2024 10:46:41 AM | SENT |