

The Business Court of Texas
Eighth Division

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Cause No. 24-BC08B-0001 |
| | § § | |
| ETC FIELD SERVICES, LLC FKA REGENCY FIELD SERVICES, LLC, | § § § § | |
| *Defendant.* | § | |

════════════════════════════════════

## SYLLABUS[1]

════════════════════════════════════

*After construing H.B. 19—the legislation implementing Chapter 25A— the Court concludes that removal is not permitted for cases filed before September 1, 2024. The Court also concludes that sanctions are not warranted.*

---

[1] *NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.*



The Business Court of Texas
Eighth Division

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Cause No. 24-BC08B-0001 |
| | § § | |
| ETC FIELD SERVICES, LLC FKA REGENCY FIELD SERVICES, LLC, | § § § | |
| *Defendant.* | § § | |

═══════════════════════════════════════

**OPINION AND ORDER**

═══════════════════════════════════════

¶ 1     Before the Court is Plaintiff Tema Oil and Gas Company's ("Tema")

Motion to Remand ("Remand Motion") filed on October 8, 2024.  Tema's

Remand Motion and Defendant ETC Field Services, LLC, f/k/a Regency Field

Services, LLC's ("ETC") Brief on Jurisdiction and Response in Opposition to

Tema's Motion to Remand raise two issues: (1) whether ETC is entitled to remove to the Business Court of Texas ("Business Court") the case commenced in the 236th Judicial District Court of Tarrant County ("District Court"); and (2) whether Tema is entitled to sanctions. After considering the parties' arguments and the relevant law, the Court concludes that neither removal nor sanctions is appropriate. Accordingly, the Court grants in part and denies in part Tema's Remand Motion.

## I. BACKGROUND

¶ 2    The parties are business entities operating in the oil-and-gas industry. Their predecessors in interest executed a gas purchase contract encompassing the working interest in gas produced from two tracts in Loving County, Texas. The contract, according to Tema, obligates ETC to provide facilities to receive Tema's gas and to purchase it.

### A.    Tema commences litigation in the District Court

¶ 3    After ETC allegedly failed to meet its contractual obligation for numerous months over several years, Tema sued ETC in the District Court on March 17, 2017, for breach of contract and negligence. Thereafter, Tema and ETC became embroiled in a plethora of trial and appellate court activity

spanning more than seven years before ETC filed a Notice of Removal to Business Court ("Removal Notice") on September 11, 2024.

**B.      The legislature passes H.B. 19 to create the Business Court**

¶ 4      While this case was pending in the District Court, legislation establishing the Business Court was enacted in 2023 when H.B. 19 was signed into law.  *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 1-9, 2023 Tex. Sess. Law Serv. 919, 919-929.  Section 1 of H.B. 19 codifies Chapter 25A of the Texas Government Code to establish the Business Court.  *Id.* § 1 (codified at TEX. GOV'T CODE ANN. § 25A.001 *et. seq*).  Although uncodified Section 9 of H.B. 19 notes that the effective date for H.B. 19 is September 1, 2023, two other uncodified sections of H.B. 19—Sections 5 and 8—clarify that the operative date for Chapter 25A is September 1, 2024.  *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 5, 8-9, 2023 Tex. Sess. Law Serv. 919, 929.  Section 5 identifies the Business Court's creation date as September 1, 2024, and Section 8 declares that H.B. 19's changes in law apply to cases begun on or after September 1, 2024.  *Id.* §§ 5, 8.

**C.      Section 25A.006 permits removal and authorizes sanctions**

¶ 5      Chapter 25A permits the removal of a case to the Business Court pursuant to Section 25A.006.  *See* TEX. GOV'T CODE ANN. § 25A.006(d)-(j).

Section 25A.006 establishes that removal is effectuated by filing notice and is permitted so long as the Business Court has jurisdiction; otherwise, remand is required. *Id.* § 25A.006(d)-(g). Section 25A.006 also establishes that sanctions are available for a frivolous notice of removal. *Id.* § 25A.006(h). Nothing in Chapter 25A, including Section 25A.006, speaks to the removal of a case commenced before September 1, 2024. Indeed, Chapter 25A does not include the commencement-date restriction articulated in Section 8 of H.B. 19.

**D.     Rule 355 permits removal and authorizes a party to seek remand**

¶ 6     To implement Chapter 25A, the Supreme Court of Texas adopted new and amended rules of civil procedure applicable to the Business Court in June 2024. *See* Supreme Court of Tex., *Final Approval of Rules for the Business Court*, Misc. Docket No. 24-9037 (Jun. 28, 2024). The operative date for these new rules, like Chapter 25A, is September 1, 2024. *See id.* ("…this Order incorporates the revisions and contains the final version of the new and amended rules, effective September 1, 2024.").

¶ 7     The rule governing removal is Texas Rule of Civil Procedure 355. *See* TEX. R. CIV. P. 355. Like Section 25A.006, Rule 355 requires the moving party to give notice and to establish the Business Court's jurisdiction (albeit

the rule uses the term "authority"). TEX. R. CIV. P. 355(a)-(c). And like Section 25A.006, Rule 355 also requires remand if removal was improper, though, unlike Section 25A.006, Rule 355 authorizes a party to file a motion to remand. TEX. R. CIV. P. 355(f). Nothing in these new rules, including Rule 355, speaks to the removal of a case commenced before September 1, 2024. In fact, like Chapter 25A, these rules do not include the commencement-date restriction articulated in Section 8 of H.B. 19.

**E.      ETC seeks removal and Tema seeks remand and sanctions**

¶ 8      ETC filed its Removal Notice on September 11, 2024. ETC contends, *inter alia*, removal is proper because the Business Court was granted authority over this case on September 1, 2024. Tema responded to ETC's Removal Notice by filing its Remand Motion on October 8, 2024. Tema argues, *inter alia*, removal is improper because only those cases filed on or after September 1, 2024, can be removed to the Business Court. Consequently, Tema seeks remand. Tema also seeks sanctions against ETC. Sanctions are warranted, according to Tema, because ETC seeks removal for frivolous purposes.

¶ 9      The Court also ordered, and the parties submitted, briefing on the effect, if any, of Section 8 on the Court's jurisdiction and authority to hear this

case. Although provided the opportunity, neither party requested a hearing on its respective pleadings.

## II. DISCUSSION

¶ 10    The issues before the Court are the propriety of removal and sanctions.

### A.    Removal is not permitted

¶ 11    As mentioned previously, neither Section 25A.006 nor Rule 355 contains an express provision permitting or prohibiting the removal of a case commenced before September 1, 2024.  In its briefing, ETC argues removal is permitted because it timely and properly removed the case, the Court has subject-matter jurisdiction of a case involving a publicly traded company and arising under trade regulation law, and Section 8 of H.B. 19 does not bar removal of the case.  Section 8 does not bar removal of the case, according to ETC, because its plain language does not explicitly prohibit removal of cases filed before September 1, 2024, or expressly state it applies "only" to cases commenced thereafter.  ETC maintains the absence of such limiting language indicates the legislature did not intend to exclude cases begun before September 1, 2024.  In other words, ETC contends the legislature intended

Chapter 25A to apply retroactively to permit removal of cases filed before September 1, 2024. ETC's argument is unpersuasive.

**1. The plain and common text of H.B. 19 must be construed to ascertain if the legislature intended Chapter 25A to permit removal of cases filed before September 1, 2024**

¶ 12    To determine whether Section 8 permits the retroactive application of Chapter 25A, the Court must construe Section 8 in the context and framework of H.B. 19.

¶ 13    Construing a statute is a question of law. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). The objective in construing a statute is to ascertain and effectuate legislative intent. *Id.* The legislative intent of a statute is ordinarily expressed in the plain and common meaning of its text "unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.* (citation omitted). In construing the plain and common meaning of statutory text, the words and phrases are considered in the context and framework of the entire statute and construed as a whole. *Id.* at 325-26 (citations omitted). The words and phrases are also construed according to the rules of grammar and usage. *Id.* at 325 (quotation marks and citations omitted). The presumption is that the legislature chose the statutory

text "with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Id.* at 325-26 (citation omitted). When a statute is clear and unambiguous on its face, *i.e.*, when the statutory text is not susceptible to more than one reasonable interpretation and alone conveys legislative intent, there is no need to resort to extrinsic aids to construe the text. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)*; but see* TEX. GOV'T CODE ANN. § 311.023 (permitting courts to consider legislative history and other construction aids regardless of ambiguity).

### 2. Section 8, when construed in harmony with the other provisions of H.B. 19, expresses the legislative intent that cases filed before September 1, 2024, cannot be removed to the Business Court

¶ 14     Section 8 is unambiguous and clear on its face, and ETC does not contend otherwise. In plain and common terms, Section 8, when construed in harmony with the other provisions of H.B. 19, expresses the legislative intent that cases filed before September 1, 2024, cannot be removed to the Business Court.

Section 8—H.B. 19's applicability clause—states in its entirety:

The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.

¶ 15     Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8, 2023 Tex. Sess. Law Serv. 919, 929.  Broken down to its constituent parts, Section 8 provides that (i) "[t]he changes in law" effectuated by H.B. 19 (ii) "apply to civil actions" (iii) "commenced on or after September 1, 2024." *Id.*  Although the terms "civil action" and "commence" are not defined in Chapter 25A, the rules of civil procedure applicable to the Business Court, or any provision of H.B. 19, these terms have plain and common meanings.  A civil action is a lawsuit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court"); *Civil Action*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/civil%20action (defining "civil action" as "a lawsuit about a person's rights") (last visited November 6, 2024).  A lawsuit commences, *i.e.*, begins, when a petition is filed.  *See* TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); *Commence*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/commence (defining "commence" in one respect as "to enter upon: begin") (last visited November 6, 2024).

¶ 16     One of the changes in law effectuated by H.B. 19 is the creation of Chapter 25A in Section 1.  Because Chapter 25A in its entirety is a change of law, it follows logically that Section 25A.006's removal provisions are changes in law, too.  Thus, when construed in the context and framework of Chapter 25A's removal provisions, Section 8's plain and common language means what it says and says what it means: removal under Chapter 25A is a change in law limited in its application to cases begun on or after September 1, 2024.  *See Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 n.2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.) (holding statute's uncodified effective date was still binding law) (quoting *United States of Am. for the Use & Benefit of E J Smith Constr., Co. v. Travelers Cas. & Sur. Co.*, No. 5:15-CV-971 RP, 2016 WL 1030154, at *5 (W.D. Tex. Mar. 10, 2016) ("Uncodified session law is law nonetheless.")).

¶ 17     This construction of Section 8 is not absurd or nonsensical.  No other provision in H.B. 19 indicates the contrary, *i.e.*, that suits filed before September 1, 2024, can be removed.  Section 1 and Section 5—the portion of H.B. 19 identifying September 1, 2024, as the Business Court's creation date—are both silent on the matter.  Neither section addresses the retroactive or prospective application of Chapter 25A or includes the commencement-

date restriction articulated in Section 8. In fact, the identification of September 1, 2024, as the creation date for the Business Court in Section 5 bolsters the conclusion that lawsuits filed before September 1, 2024, cannot be removed to the Business Court. This conclusion is further bolstered when Sections 8 and 9 are considered together, as they should be. Although Section 9 makes H.B. 19 effective on September 1, 2023, Section 8 clarifies that the changes in law implemented by H.B. 19 affecting civil actions do not apply before September 1, 2024.

¶ 18    The Business Court was granted jurisdiction over cases begun on or after September 1, 2024. ETC does not dispute that Chapter 25A and its provisions, including removal, did not come into force until September 1, 2024, and that the case began in the District Court on March 17, 2017. Because the case did not begin in the District Court on or after September 1, 2024, Section 25A.006's removal provision does not apply. Consequently, ETC cannot remove the case to the Business Court pursuant to Section 25A.006. *See* Tex. Gov't Code Ann. § 25A.006(d) (stating that removal is permitted only if the Business Court has jurisdiction).[2] Given the conclusion

---

[2] The conclusion that removal is not permitted here is consistent with the same conclusion reached by the Hon. Bill Whitehill of the Business Court's First Division in two similar cases involving lawsuits filed before September 1, 2024. *See Energy Transfer LP v. Culberson Midstream LLC*, No.

that removal is not permitted, there is no need to address ETC's argument that Chapter 25A's jurisdictional requirements are met because this case involves a publicly traded company and arises under trade regulation law.

> ### (a) The absence of the word "only" or other limiting clarifying phrases from Section 8 does not mean that cases filed before September 1, 2024, can be removed

¶ 19      That the legislature included Section 8 in H.B. 19 to identify the date when Chapter 25A and its provisions, including removal, would become operative for case processing purposes strongly suggests, if not outright proves, the legislature did not intend for Chapter 25A to apply retroactively. Notwithstanding this reasoning, ETC asserts the omission of the word "only" or other limiting clarifying phrases from Section 8 was purposeful and indicative of the legislature's intent not to prohibit the removal of cases filed before September 1, 2024.  Relying on the presumption identified in *Cadena Comercial USA Corp.* (and numerous other cases) that the purposeful omission of words indicates legislative intent, ETC cites various legislative acts that assertedly prove the legislature always resorts to distinctive language, even in

---

24-BC01B-0005, 2024 Tex. Bus. 1; 2024 WL 4648110 (Tex. Bus. Ct. Oct. 30, 2024); *Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, No. 24-BC01B-0007, 2024 Tex. Bus. 2 (Tex. Bus. Ct. Oct. 31, 2024).      These opinions and orders are available at https://www.txcourts.gov/businesscourt/divisions/first/.

jurisdictional statutes, when limiting an act's retroactive application. ETC's assertion is not persuasive.

¶ 20     The legislative acts cited by ETC are amendments containing express language in their applicability clauses delineating the non-retroactive application of the amended law. For example, in the 2021 legislative act cited by ETC that amended the law to expand the recovery of attorney's fees, the legislature delineated the non-retroactive application of the amended law by stating, in the applicability clause, that whereas the amended law applied "only" to a case begun on or after the effective date, the existing law continued to apply to a case begun before then. *See* Act of May 28, 2021, 87th Leg., R.S. ch. 665, §§ 1, 2, 2011 Tex. Gen. Laws 1391, 1391. Likewise, in the 1989 legislative act cited by ETC that amended the law to limit the scope of consumer protection measures, the legislature delineated the non-retroactive application of the amended law by stating, in the applicability clause, that whereas the amended law applied "to all" cases begun on or after the effective date, the existing law continued to apply to a case begun before then. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 380, §§ 1-6, 1989 Tex. Gen. Laws 1490, 1490-93.

¶ 21      In the legislative acts cited by ETC, it made sense for the legislature to insert "only" or other limiting clarifying phrases in the applicability clauses to expressly indicate that the amended law did not apply retroactively to pending cases.  Here, in contrast, the possibility of the retroactive application of law to pending cases is not addressed by H.B. 19's amendment to existing law and codification of new law.  The existing law amended by H.B. 19 is contained in Sections 2 and 3.  These sections of the bill amended existing Sections 659.012(a) and (e) and 837.001(a) of the Government Code.  These statutory provisions address the salary and membership in a retirement system, respectively, of a Business Court judge.  *See* TEX. GOV'T CODE ANN. §§ 659.012(a), (e), 837.001(a).  They do not concern civil actions and, thus, do not concern the possibility of retroactivity.  In contrast, the only section of H.B. 19 that does concern civil actions is Section 1.  But it, too, does not broach the possibility of retroactivity.  As has been previously mentioned, this section of the bill codified new law: Chapter 25A and its provisions, including removal.  Because Chapter 25A is new law that came into force on September 1, 2024, there were no pending cases existing under Chapter 25A before September 1, 2024.  Consequently, there was no need for the legislature to insert "only" or other limiting clarifying phrases in the applicability clause to

expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so.

### (b) The absence of the word "only" or other limiting clarifying phrases from Section 8 does not mean that the Court must accept pending cases on or after September 1, 2024

¶ 22      ETC also maintains the intentional absence of the word "only" or other limiting clarifying phrases from Section 8 transforms the meaning of Section 8 to that of a marquee flashing an open-for-business date of September 1, 2024. This is allegedly evident when Section 8 is juxtaposed to Sections 25A.006(d) and (f)(1). According to ETC, whereas Section 8 does not explicitly prohibit removal of a case filed before September 1, 2024, Sections 25A.006 (d) and (f)(1) explicitly permits removal of a case so long as it is removed within 30 days, as occurred here, no matter when it was commenced.

¶ 23      ETC's proposed construction is awkward and disregards, as set forth above, the plain and common meaning of Section 8 when construed in the context and framework of Chapter 25A's removal provisions. To accept ETC's proposed construction would lead to an absurd or nonsensical result: treating Section 8 as surplusage and rendering it meaningless. This the Court

may not do. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (stating that statutory language should not be construed in a manner rendering words useless or a nullity). Had the legislature intended for Section 8 to mean simply that the Business Court could begin accepting cases on or after September 1, 2024, the legislature would have written Section 8 to so state. But the legislature did not, and the Court cannot rewrite Section 8 to so state. *See Cadena Comercial USA Corp.*, 518 S.W.3d at 326 ("… we take statutes as we find them and refrain from rewriting the Legislature's text.").

> **(c) Although consideration of H.B.19's legislative history is not required to ascertain legislative intent, the legislative history does not support the conclusion that removal of cases filed before September 1, 2024, is proper**

¶ 24    Although ETC does not contend Section 8 is ambiguous, ETC nonetheless argues H.B. 19's legislative history supports the conclusion that the legislature intended Section 8 to permit removal of cases filed before September 1, 2024. That the legislature omitted the word "only" or other limiting clarifying phrases from Section 8 necessarily means, according to ETC, that the legislature intended to expand the Business Court's jurisdiction to consider pending cases burdening the dockets of other courts. ETC's argument is misguided.

¶ 25    Because Section 8 is facially unambiguous and its legislative intent can be discerned from the plain and common meaning of its words, there is no need to resort to H.B. 19's legislative history as an aid. *See Fort Worth Transp. Auth.*, 547 S.W.3d at 838.  But even if H.B. 19's legislative history were considered, it would support the conclusion that the legislature did not intend removal of cases filed before September 1, 2024.  All versions of H.B. 19, from the introduced one to the enrolled one, contain the same creation-date and commencement-date restrictions, albeit the dates were revised from January 1, 2025, in the introduced version, to September 1, 2024, in all subsequent versions.  This consistency demonstrates the legislature's intent to restrict removal to cases filed on or after September 1, 2024.  *Cf. In re Marriage of Roach*, 773 S.W.2d 28, 30-32 (Tex. App.—Amarillo 1989, writ denied) (concluding that the deletion of "prospective only" language limiting the applicability of amendment to pleadings filed on or after the effective date from bill as it progressed from introduction to enrollment expressed legislative intent to allow application of amendment to cases pending on the effective date), with *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) (concluding that deletion of "savings clause" present in earlier versions of statutes and absence of language in amended statute indicating the earlier

"savings clause" was to be retained expressed legislative intent to allow application of amended statute to persons with reportable convictions or adjudications that occurred on or after a certain date).

**B.    Remand is required**

¶ 26    If a case is not removable, Section 25A.006(d) requires the Business Court to remand the case to the court in which the case was originally filed. TEX. GOV'T CODE ANN. § 25A.006(d).  As discussed in part A.2. above, H.B. 19's unambiguous text permits the removal of a case to the Business Court only if the case was filed on or after September 1, 2024.  Because Tema commenced this case more than seven years before that date, ETC's removal of it is not permitted, and the case must be remanded to the District Court. Accordingly, the Court grants the portion of Tema's Remand Motion seeking remand pursuant to Rule 355(f).  *See* TEX. R. CIV. P. 355(f)(1), (2) (requiring the Business Court to remand a case to the originating court if the Business Court determines, on a party's motion, that removal was improper).

**C.    Sanctions are not warranted**

¶ 27    The Court, however, does not grant the portion of Tema's Remand Motion seeking sanctions pursuant to Section 10.001 of the Civil Practice and Remedies Code ("CPRC").

## 1. Sanctions for a frivolous notice of removal can be imposed under Chapter 25A if supported by competent evidence

¶ 28     Section 25A.006 of the Government Code establishes that sanctions for a frivolous notice of removal are available under Section 10.001 of the CPRC. TEX. GOV'T CODE ANN. § 25A.006(h). CPRC Section 10.001 permits a court to sanction a party for filing a pleading lacking reasonable inquiry, proper purpose, or legal or factual support. *Nath v. Tex. Children's Hosp. (Nath I)*, 446 S.W.3d 355, 362 (Tex. 2014); *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). Under Section 10.001, the party seeking sanctions bears the burden to establish "(1) that the pleading or motion was brought for an improper purpose, (2) that there were no grounds for the legal arguments advanced, or (3) that the factual allegations or denials lacked evidentiary support." *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 35 (Tex. App.—Texarkana 2018, pet. denied) (citations omitted). Because it is presumed that a pleading has been filed in good faith, the party seeking sanctions must overcome this presumption with competent evidence. *Nath I*, 446 S.W.3d at 361; *Unifund*, 299 S.W.3d at 97. This competent evidence must be proffered, and admitted, at an evidentiary hearing. *Orbison*, 553 S.W.3d at 35.

**2. Despite Tema's arguments to the contrary, sanctions under Section 10.001 of the CPRC are not warranted because there is no competent evidence proving ETC filed a frivolous Removal Notice**

¶ 29      Tema insists sanctions are warranted because ETC filed its Removal Notice for frivolous purposes. Those frivolous purposes, according to Tema, are to increase litigation costs, to delay proceedings, and to waste judicial resources. Tema asserts the frivolous nature of ETC's Removal Notice is proved by the fallacious allegations and arguments raised by ETC in support of removal and jurisdiction. Decrying that ETC has purposefully avoided a merits-based review of a case commenced more than seven years ago, Tema contends ETC has mischaracterized Tema's breach-of-contract and negligence claims as arising under trade or securities regulations and has failed to explain how removal is proper given the obvious prohibition against removing a case filed before September 1, 2024.

¶ 30      But Tema has not established its entitlement to sanctions. Tema did not request or obtain an evidentiary hearing on its request for sanctions. *See* BCLR 5(e) (requiring parties to notify the Business Court of a request for a hearing in the motion or response).[3] Nor has Tema proffered competent

---

[3] BCLR is the citation for the Local Rules of the Texas Business Court, which are available at https://www.txcourts.gov/media/1459346/local-rules-of-the-business-court-of-texas.pdf.

evidence overcoming the presumption that ETC's Removal Notice was filed in good faith and proving it was filed for a frivolous purpose. Tema, instead, relies on the arguments in its Remand Motion. Motions, and the arguments in them, are not evidence. *Orbison*, 553 S.W.3d at 36 (citations omitted).

¶ 31    Even though the Court has determined that ETC's Removal Notice was legally impermissible, ETC's argument that a pre-September 1, 2024 case could be removed was not *per se* groundless or frivolous. Absent additional evidence or some other legal basis, a sanctions award would be inappropriate. Accordingly, the Court declines to impose sanctions.

### III. CONCLUSION

¶ 32    Consistent with this opinion, the Court **GRANTS** in part and **DENIES** in part Tema's Remand Motion and **REMANDS** the case to the 236th District Court of Tarrant County, Texas.

IT IS SO ORDERED.

JERRY D. BULLARD
Judge of the Texas Business Court,
Eighth Division

SIGNED ON: November 6, 2024