**2025 Tex. Bus. 3**



## The Business Court of Texas, First Division

| | | |
|---|---|---|
| Osmose Utilities Services, Inc., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| Navarro County Electric | § | Cause No. 24-BC01A-0011 |
| Cooperative, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

═══════════════════════════════════════════

## Syllabus[1]

═══════════════════════════════════════════

Granting a motion for remand, the Court holds: (1) removal of an action to the Business Court means removal of the entire suit, and (2) regardless of whether an attempted partial removal presents a jurisdictional defect, the 2022 commencement date of the underlying lawsuit forecloses jurisdiction over the action by the Business Court.

---

[1] This syllabus is provided for the convenience of the reader; it is not part of the Court's opinion and should not be cited or relied upon as legal authority.



**The Business Court of Texas,
First Division**

| | | |
|---|---|---|
| Osmose Utilities Services, Inc., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| Navarro County Electric | § | Cause No. 24-BC01A-0011 |
| Cooperative, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

═══════════════════════════════════════

### Opinion and Order for Remand

═══════════════════════════════════════

Before the Court is *Navarro County Electric Cooperative, Inc.'s Urgent Motion to Remand*, challenging removal on the basis that partial removal is not permissible under the Government Code, and that the action is not within the Court's jurisdiction or authority. The Court agrees, and orders the action remanded back to the district court.

# I. Procedural Background

The claims in Osmose Utilities Services, Inc.'s notice of partial removal were first asserted in underlying-plaintiff Eddie Martin's personal injury suit, filed in Ellis County in September 2022. Martin sued multiple defendants, including Navarro County Electric Cooperative, Inc., for severe injuries due to electrocution, later adding Osmose as a defendant. Osmose and NCEC report that NCEC settled with Martin in September 2024.

On October 16, 2024, Osmose filed a crossclaim against NCEC seeking declaratory relief and contractual indemnification for Martin's claims against Osmose pursuant to a General Services Agreement between the two co-defendants.

NCEC responded two days later with a counterclaim against Osmose, also seeking declaratory relief and alleging breach of the GSA and a subsequent pole inspection agreement.

On November 4, 2024, Osmose filed a partial removal notice of NCEC's counterclaim and Osmose's crossclaim against NCEC for adjudication in the Business Court.

NCEC moves for remand on numerous grounds. Osmose opposes remand.

## II.     Applicable Law

The Texas Business Court was "created September 1, 2024," and its governing law "appl[ies] to civil actions commenced on or after September 1, 2024." Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§5, 8, 2023 Tex. Sess. Law Serv. 919, 929. Accordingly, this Court has held repeatedly that it lacks jurisdiction or authority to hear actions commenced before September 1, 2024. *See, e.g.*, *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 24-BC01B-0005, 2024 WL 5320611 (Oct. 30, 2024); *Jorrie v. Charles,* 2024 Tex. Bus. 4, 24-BC04B-0001, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 24-BC04A-0002, 2024 WL 5337410 (Nov. 7, 2024).

The Fifteenth Court of Appeals recently denied a petition for writ of mandamus and motion for temporary relief following a consistent decision from this Division. *In re Westdale Asset Mgmt., Ltd.,* No. 15-24-00135-CV, 2025 WL 300912 (Tex. App.—15th Jan. 24, 2025, orig. proceeding). Thus, subject to the outcome of a permissive appeal currently before the Fifteenth Court of Appeals, it is currently accepted that all actions commenced before September 1, 2024, fall outside this Court's jurisdiction. *See Lone Star NGL Product Servs., LLC v. EagleClaw Midstream Ventures LLC*, 2024 Tex. Bus.

3

8, 2024 WL 5337407 (Dec. 20, 2024) (granting permissive appeal where parties jointly raise the issue of whether a pre-September 1 case can be removed based on the parties' subsequent agreement consenting to the Business Court's jurisdiction).

9       Still, the Legislature did not provide express definitions for the terms "civil action" or "action" as used in H.B. 19 or as codified in Chapter 25A of the Texas Government Code. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380; TEX. GOV'T CODE § 25A.001, *et seq.* In a prior decision, this Court held that Section 8 of H.B. 19 means that removal to the Business Court is only available for "cases begun on or after September 1, 2024." *Tema Oil & Gas Co. v. ETC Field Servs. LLC*, 2024 Tex. Bus. 3, at ¶14-18, 24-BC08B-0001, 2024 WL 5337411, at *3-4 (Nov. 6, 2024). As part of that opinion, the Court held that "[a] civil action is a lawsuit." *Id.* at ¶15.

10      Yet, the Court stopped short of holding that "action," as used in Chapter 25A, always refers to the entirety of a case or lawsuit. *C Ten 31 LLC v. Tarbox*, 2025 Tex. Bus. 1, at ¶31, 24-BC03A-0004, 2025 WL 224542, at *8 (Jan. 3, 2025). In *C Ten 31*, one of the questions at issue was whether the amount-in-controversy jurisdictional thresholds had to be satisfied on a per-claim basis. This Court held that the amount-in-controversy requirement is

4

not a "per-claim minimum" but could be satisfied by the amount at issue in the action as a whole. *Id.* at ¶26.

11   The Third Division explained: "[T]he Court does not hold that the term 'action' can never refer to less than all claims in a suit regardless of whether the claims are properly joined and within the Court's jurisdiction." *Id.* at ¶32. The Court noted that Chapter 25A contemplates remand of claims outside the boundaries of this Court's jurisdiction, such as supplemental claims where consent among the parties is lacking. *Id.* (citing TEX. GOV'T CODE §§ 25A.004(f), (g)(2)-(5), (h); 25A.006(b)-(d)). In such instances, the Court left open the possibility that a remanded action may encompass fewer than all of the claims in the removed action.

12   Statutory interpretation requires construction of the statute "as a whole," considering the words chosen within context. *Miles v. Tex. Cent. Railroad & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022) (quoting *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019)). "If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include." *Id.*

"The statutory terms bear their common, ordinary meaning, unless the text provides a different meaning or the common meaning leads to an absurd result.'" *Silguero*, 579 S.W.3d at 59 (citing *Fort Worth Transp. Auth. V. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)); *see also*, TEX. GOV'T CODE § 312.002(a) ("Except as provided by Subsection (b) [concerning particular trades, subject matter, or terms of art], words shall be given their ordinary meaning."). "The absurdity safety valve is reserved for truly exceptional cases, and mere oddity does not equal absurdity." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013).

Only in the case of ambiguity should a court consider extrinsic factors such as legislative history or the effect of a particular construction. *See* TEX. GOV'T CODE § 311.023; *but see also*, *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018) ("[W]e do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent."). "Only when statutory text is susceptible of more than one reasonable interpretation is it appropriate to look beyond its language for assistance in determining legislative intent." *Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) (citing *In re Smith*, 333 S.W.3d 582, 586 (Tex. 2011)).

6

## III. Discussion

NCEC's motion raises numerous grounds objecting to this Court's jurisdiction. The Court does not reach several of those issues, including: whether a cross-claim or counterclaim can or must be severed before it can proceed separately from another claim in the business court or another court of original jurisdiction; whether a claim for contractual damages calculated, either in whole or in part, based on another party's damages for bodily injury is within this Court's jurisdiction; and whether the action arises from a qualified transaction as that term is defined in Chapter 25A. Instead, the motion is resolved by a determination that Chapter 25A permits only removal of a lawsuit, and not individual claims within a lawsuit, and secondarily that this lawsuit commenced before September 1, 2024, making removal improper.

### A. Interpretation of "Action"

The Court first addresses NCEC's contention that the partial removal is improper where Chapter 25A only authorizes the removal of an action, with "action" referring to the entire lawsuit. To date, every opinion from the Business Court has interpreted the term action to mean a lawsuit. *See, e.g.*, *Tema Oil & Gas*, 2024 Tex. Bus. 3 at ¶15; *C Ten 31*, 2025 Tex. Bus. 1 at ¶25-

31. While the procedural history and specific issues in this case differ from those addressed in previous opinions, such distinguishing facts do not change the meaning of action.

### 1. Plain Meaning

The analysis must start with the statute's plain meaning. As this Court has previously noted, the plain meaning of action is a lawsuit. *Tema Oil & Gas*, 2024 Tex. Bus. 3 at ¶15 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2); Civil Action, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/civil%20action (last visited November 6, 2024)); *see also*, *C Ten 31*, 2025 Tex. Bus. 1 at ¶25-31.

The Court cannot read into the statute a definition of action broader than its ordinary meaning. "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (quoting *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015)). Where the Legislature has intended "action" to mean something other than a lawsuit, the statute has expressly included such a definition. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 27.001(6) (defining "legal action" in Texas' anti-SLAPP law to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or

8

counterclaim or any other judicial pleading or filing that requests legal, declaratory or equitable relief," excluding certain other actions, motions, or proceedings.). The Court must presume that the absence of a similar definition in Chapter 25A is intentional. *Panchakarla*, 602 S.W.3d at 540.

The inquiry ends here unless the statute is ambiguous or leads to an absurd result. *Silguero*, 579 S.W.3d at 59.

### 2. Ambiguity

Throughout Chapter 25A, the Legislature uses various terms to refer to lawsuits or parts thereof. In defining the Court's jurisdiction and creating the removal and remand procedures for the Court, the Legislature uses the term action predominantly, but not exclusively. TEX. GOV'T CODE §§ 25A.004, 25A.006. And as noted above, each word used by the Legislature must be presumed to be intentional and purposeful. *Miles*, 647 S.W.3d at 619.

The Legislature expressly used the term "case" in Section 25A.006 subsections (i) and (j). These provisions deal with the consequences of removal on the due order of pleading, and the ability to raise defects in venue or objections to personal jurisdiction, respectively. TEX. GOV'T CODE § 25A.006(i), (j). The Legislature's discussion of the effect on certain rights of removal of a *case* immediately following the provisions for removal of an

*action* indicate via context that, at least here, case and action are used synonymously. *See Miles*, 647 S.W.3d at 619.

22 The Legislature also uses the term claim when setting forth the Court's jurisdiction, both for those matters included and those excluded. TEX. GOV'T CODE § 25A.004(b)-(h). Of note, Subsection 25A.004(b)(3) uses claim and action within the same sentence. That provision establishes the Court's jurisdiction over "an action in which a claim under a state or federal securities or trade regulation law is asserted against [certain parties]." TEX. GOV'T CODE § 25A.004(b)(e). Here, "an action in which a claim . . . is asserted" has only one reasonable interpretation: a lawsuit in which such a claim is pending.

23 Subsection (g) admittedly does not follow suit. It reads, in part, "[u]nless the claim falls within the business court's supplemental jurisdiction, the business court does not have jurisdiction of: (1) a civil action: (A) brought by or against a governmental entity; or (B) to foreclose on a lien on real or personal property; . . ." TEX. GOV'T CODE § 25A.004(f). In this one instance, it could be argued that action and claim are used synonymously, in that the particular actions listed are claims over which the

10

business court does not have jurisdiction unless it exists via supplemental jurisdiction. *See Miles*, 647 S.W.3d at 619.

Yet, that one instance among 18 other uses of action in the same section—not to mention the 40 uses of action in Section 25A.006—all of which are reasonably read according to the word's ordinary meaning, is not sufficient to create a second reasonable interpretation of Chapter 25A. *See* TEX. GOV'T CODE §§ 25A.004, 25A.006. Ambiguity requires that the statutory text be subject to more than one reasonable interpretation. *See Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 405 (Tex. 2016) (citing *Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013)); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d at 452 (citing *Smith*, 333 S.W.3d at 586). The Court therefore finds that the Legislature's use of action does not render Chapter 25A ambiguous.

### 3. Absurdity

Osmose argues against remand on the basis that a narrow reading of "action" would lead to absurd results. In particular, Osmose argues that it would be absurd to interpret the statute to require that claims over which the Court unquestionably lacks jurisdiction be swept up in a removal, only to be dismissed or remanded upon arrival. The Court agrees that this procedure

11

may be imperfect from the standpoint of judicial economy but does not agree that such an interpretation rises to the level of absurdity. As noted above, "[t]he absurdity safety valve is reserved for truly exceptional cases, and mere oddity does not equal absurdity." *Combs*, 401 S.W.3d at 630.

The procedure for removal of actions was designed to ensure that determinations of the business court's jurisdiction are made in, and by, the business court. *See* TEX. GOV'T CODE § 25A.006(b), (d) (mandating that the business court dismiss or remand actions that are not within its jurisdiction); *see also*, TEX. R. CIV. P. 355-357. Osmose's response expressly recognizes this to be the case. Because the governing statute and procedural rules contemplate the business court being the initial arbiter of its own jurisdiction, a process that achieves that objective cannot be absurd. Thus, the Court does not find that applying the ordinary meaning of action would lead to absurd results.

### 4. Conclusion

In sum, the sole reasonable interpretation of Chapter 25A with respect to actions is that an action means a lawsuit, and does not refer to each individual claim within a lawsuit. *See Miles*, 647 S.W.3d at 619; *Silguero*, 579 S.W.3d at 59; *Tex. Mut. Ins. Co.*, 381 S.W.3d at 452. Because the

12

Court's governing law and procedural rules only authorize removal of actions, Osmose's attempt to remove only part of the underlying case was improper. *See* TEX. GOV'T CODE § 25A.006(d); TEX. R. CIV. P. 355(f).

28    The Court does not address the issue of whether this defect is jurisdictional, or relatedly, whether it is curable, because NCEC's motion for remand is already subject to disposition on other established grounds as set forth below.

### B.    Commencement of Action

29    NCEC further argues that the Business Court must remand Osmose's cross-claim and NCEC's counterclaim because they are part of an action filed in 2022, before the creation of the Business Court. NCEC is correct that Chapter 25A applies only to "actions commenced on or after September 1, 2024." *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8. On this basis, the Court finds that NCEC's motion is well-taken and must be granted.

30    With the action being the underlying lawsuit, the relevant date is the date on which suit was filed in the district court—not the date on which the parties filed the discrete claims sought to be removed to this Court. *See* TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."). The action was commenced

when Martin filed his original petition in September 2022. Accordingly, as the Court has held in numerous prior decisions, the Court lacks jurisdiction over the action and it must be remanded. *See, e.g., Energy Transfer LP, et al., v. Culberson Midstream LLC, et al.*, 2024 Tex. Bus. 1 (Tex. Bus. Ct. Oct. 30, 2024).

## IV.   Order

IT IS THEREFORE ORDERED that this matter is remanded to the 40th Judicial District Court, Ellis County, Texas.

ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: January 31, 2025.

14