2025 Tex. Bus.37



The Business Court of Texas,
Fourth Division

| | | |
|---|---|---|
| CHARLOTTE ROGERS BARRETT, §<br><br>*Plaintiff*, §<br><br>v. §<br><br>MARCUS T. BARRETT, IV, §<br>MARCUS T. BARRETT, III, MARY §<br>ROGERS-BARRETT, WILLIAM §<br>OSBORN BARRETT, §<br>SUNFLOWER DRIVE §<br>PARTNERSHIP, L.P., MRB ISLA, §<br>LLC, LAS RAICES LAND §<br>COMPANY, L.P., MTB HOLDINGS, §<br>LLC, MTB PROPERTIES, LTD., §<br>MTB INTERESTS, INC., CAMMOH §<br>SA, LTD., §<br><br>*Defendants*. §<br>§ | | Cause No. 25-BC04A-0013 |

---

**OPINION AND ORDER**

---

### *Syllabus*[*]

This opinion addresses whether a party may remove a case concerning trusts from statutory probate court to the business court. The court concluded it lacked jurisdiction

---

[*] NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

*because the claims asserted by the plaintiff arise out of Title 9 of the Property Code, and under section 25A.004(g) of the Texas Government Code, this court does not have jurisdiction over such claims unless they are part of the court's supplemental jurisdiction, which requires agreement of the parties. Here, the parties disagreed.*

## OPINION

¶1    Before the court is an objection filed by Plaintiff Charlotte Rogers Barrett requesting the court to remand this case to Bexar County Probate Court No. 1. After consideration, the court sustains Plaintiff's objection and orders the case remanded to the statutory probate court.

## BACKGROUND

¶2    On July 1, 2025, Plaintiff, individually and as beneficiary and current trustee of the Charlotte Rogers Barrett Trust ("CRB Trust"), sued the following Defendants: (1) Marcus T. Barrett, III, individually and as former trustee of the CRB Trust; (2) Mary Rogers Barrett, individually, as trustee of the now terminated Mary Rogers Barrett Children's Trust, and as former trustee of the CRB Trust; (3) William Osborn Barrett, as former trustee of the CRB Trust and trustee of the Marcus Thurman Barrett IV Trust; (4) Marcus T. Barrett, IV; (5) Sunflower Drive Partnership, L.P.; (6) MRB Isla, LLC; (7) Las Racias Land Company, L.P.; (8) MTB Holdings, LLC; (9) MTB Properties, Ltd.; (10) MTB Interests, Inc.; and (11) Cammoh SA, Ltd. Plaintiff filed her original petition in Bexar County Probate Court No. 1.

¶3    In her petition, Plaintiff states she was the beneficiary of two trusts established thirty-five years ago, the CRB Trust and the Mary Rogers Barrett Children's Trust. The CRB Trust is currently in existence while the Mary Rogers Barrett Children's Trust was terminated in 2021. Plaintiff states three family members, each named as a

2

defendant in this case, have served as a trustee of the trusts. Plaintiff alleges as trustees, these defendants have breached fiduciary duties owed to her by making self-serving investments of trust assets in family-run business entities they control through ownership of managing member or general partnership interests. Plaintiff requests: (1) modification of the CRB Trust; (2) monetary damages to recoup loss or depreciation in value of the trust estates, profits made by the trustees through their breaches of fiduciary trusts, and any loss profits that would have accrued if no breaches had occurred; (3) judicial dissolution of Las Racias Land Company, L.P.; (4) attorney's fees; (5) a declaration that the trustees cannot use trust funds for payment of their expenses, attorney's fees, or costs associated with this matter, and (6) a second declaration that section 114.064 of the Property Code is the controlling statute for Defendants to recover their fees and expenses.

¶4     On August 14, 2025, Defendant Marcus T. Barrett, IV, removed this case to this court. In his notice of removal, he pleads this court has authority and jurisdiction over this case pursuant to sections 25A.004(b)(1), (2), (5), (7), and 25A.004(e) of the Government Code. Specifically, he argues Plaintiff's case directly regards the governance and internal affairs of two of the corporate defendants. Plaintiff also brings her suit in several capacities, including derivatively on behalf of one of the corporate defendants, and she states many of her claims are derivative in nature. Additionally, Plaintiff's suit contains numerous allegations that Defendants, acting in certain capacities on behalf of the business entities, breached fiduciary duties owed to the partnerships and their owners. And finally, Plaintiff's suit arises out of the Business Organization Code because it seeks a

3

judicial dissolution of one of the corporate defendants, and Plaintiff's claims include requests for declaratory relief.

¶5    Plaintiff timely objected, arguing removal is improper and this court lacks jurisdiction over the action.  According to Plaintiff, removal is improper because section 25A.006(d) of the Government Code authorizes a party to remove actions to this court only if the action was originally filed in district court or county court at law—not statutory probate court.  Plaintiff also contends this court lacks jurisdiction because all her claims arise out of the handling of trusts, and the business court does not have jurisdiction over claims arising out of either the Estates Code or Chapter 53 and Title 9 of the Property Code. Finally, Plaintiff argues Defendant is improperly relying solely on the dispute concerning one of the corporate defendants to establish the amount in controversy requirement.

¶6    In addition to her objection, Plaintiff amended her original petition requesting the court to void certain actions by the trustees, which ultimately resulted in the conversion of trust property to limited partnership interests in the corporate defendants pursuant to section 114.008(a)(9) of the Property Code.  Plaintiff requests the court to compel the trustees to restore said property as well as their breaches of trust by paying money to Plaintiff pursuant to section 114.008(3) of the Property Code.

## LEGAL STANDARD

¶7    Section 25A.006(d) of the Government Code provides: "A party to an action filed in district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court."  Acts of May 25, 2023, 88th Leg., R.S., Ch. 380, §§1-9, 2023 Tex. Sess. Law Serv. 919. 919–929 (amended 2025) (current version

4

at Tex. Gov't Code § 25A.006(d)). However, if this court lacks jurisdiction over the removed action, then this court must remand the action to the original court in which the action was filed. *Id.*

¶8 As recognized by this court's removal statute, subject matter jurisdiction is essential to this court's power to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether subject matter jurisdiction exists is a question of law. *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

## ANALYSIS

¶9 This court's jurisdiction is established by statute. As previously recognized by this court, to determine whether this court has jurisdiction over a case, it must conduct a statutory construction analysis. *Slant Operating, LLC v. Octane Energy Operating, LLC*, 2025 Tex. Bus. 22, ¶15, 717 S.W.3d 409, 416 (8th Div.). "Statutory construction is a question of law." *Id.* (citing *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)). When reading a statute, this court's goal "is to ascertain and give effect to the Legislature's intent." *Cadena*, 518 S.W.3d at 325 (quoting *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)); *see Baumgardner v. Brazos River Auth.*, 714 S.W.3d 597, 602 (Tex. 2025). This goal is accomplished by giving words their plain and common meaning unless a different meaning is supplied by the Legislature, is apparent from the context, or would lead to an absurd or nonsensical result. *Baumgardner*, 714 S.W.3d at 602; *Cadena*, 518 S.W.3d at 325. "Words and phrases 'shall [also] be read in context and construed according to the rules of grammar and common

5

usage.'" *Cadena*, 518 S.W.3d at 325 (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014)). Presuming the Legislature chooses words carefully, this court must refrain from rewriting the Legislature's text. *Id.*

¶10 Section 25A.004 of the Government Code outlines this court's jurisdiction and powers. Specifically, as pointed out by Defendant, subsections 25A.004(b) and (e) of the Government Code provides this court has civil jurisdiction concurrent with the district court over certain actions with a specific amount in controversy. *See* Acts of May 25, 2023, 88th Leg., R.S., Ch. 380, §§1-9, 2023 Tex. Sess. Law Serv. 919, 919–929 (amended 2025) (current version at TEX. GOV'T CODE §§ 25A.004(b) & (e)).

¶11 Additionally, Subsection (f) outlines this court's supplemental jurisdiction, which requires "agreement of all parties to the claims and a judge of the division of the court before which the action is pending." *Id.* (current version at TEX. GOV'T CODE §§ 25A.004(f)). Relevant here, subsection (g) expressly states this court does not have jurisdiction over certain claims unless they fall within the court's supplemental jurisdiction. *See id.* (current version at TEX. GOV'T CODE §§ 25A.004(g)). It states:

> Unless the claim falls within the business court's supplemental jurisdiction, the business court *does not have jurisdiction* of . . .
>     (2) a claim arising out of:
>         (A) Subchapter E, Chapter 15, and Chapter 17, Business & Commerce Code;
>         (B) the Estates Code;
>         (C) the Family Code;
>         (D) the Insurance Code; or
>         (E) Chapter 53 and Title 9, Property Code[.]

*Id.* (current version TEX. GOV'T CODE § 25A.004(g)) (emphasis added).

6

¶12     Here, we agree with Plaintiff that each of her claims arise directly out of Title 9 of the Property Code.  The statute does not define the phrase "arising out of," but the Texas Supreme Court has made clear that the plain and common meaning of the phrase means "originating from," "stemming from," "flowing from" or "resulting from."  *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017).  When applying this meaning, subsection (g) expressly states this court does not have jurisdiction over claims originating from, stemming from, flowing from, or resulting from Title 9 of the Property Code unless they fall within our supplemental jurisdiction.

¶13     Subtitle B of Title 9 of the Property Code comprises sections 111.001 through 117.012 of the Property Code, and it governs trust matters.  *See Matter of Troy S. Poe Trust*, 646 S.W.3d 771, 774 n. 5 (Tex. 2022). This case is a trust matter.  A review of Plaintiff's amended petition shows all her claims have been asserted by her in not only her individual and beneficiary capacity, but also in her capacity as trustee of the CRB Trust.  Plaintiff's suit is also against several family members in their capacities as either former trustee of the CRB Trust or current trustee of the Mary Rogers Barrett Children's Trust or Marcus Thurman Barrett IV Trust.

¶14     Additionally, each of Plaintiff's claims concerns a trust, and throughout her petition, she repeatedly cites Title 9 of the Property Code.  *See id.*  Plaintiff alleges several of the trustee defendants have conspired and breached fiduciary duties by making self-serving investments of trust assets in several of the business entities.  Plaintiff also seeks to modify the CRB Trust and to recoup monetary damages against the trustee defendants for their breaches of fiduciary duties.  Moreover, Plaintiff's claims against the corporate

7

defendants all originate from, stem from, flow from, or result from actions conducted by the defendant trustees and matters concerning the subject trusts.

¶15    When considering the capacity in which Plaintiff brought this suit, who Plaintiff sued, and the crux of Plaintiff's claims in light of the various sections of Title 9, it follows that each of Plaintiff's claims arise directly out of Title 9 of the Property Code. *See* TEX. PROP. CODE § 112.051 *et seq.* (outlining modification of trusts); *id.* § 113.001 *et seq.* (outlining the powers and duties of trustees); *id.* § 114.001 *et seq.* (detailing the liabilities, rights, and remedies of trustees, beneficiaries, and third parties); *id.* § 115.001 (providing probate court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts). Thus, under subsection (g), this court does not have jurisdiction over these claims unless they fall within our supplemental jurisdiction. *See* Acts of May 25, 2023, 88th Leg., R.S., Ch. 380, §§1-9, 2023 Tex. Sess. Law Serv. 919, 919–929 (amended 2025) (current version at TEX. GOV'T CODE §§ 25A.004(g)). And here, even if presuming the claims fall within our supplemental jurisdiction, the parties do not agree with the claims proceeding in this court as required by subsection (f). *See id.* (current version at TEX. GOV'T CODE §§ 25A.004(f)). Accordingly, this court lacks jurisdiction over each of Plaintiff's claims.

## CONCLUSION

¶16    Based on the foregoing, the court remands this case to Bexar County Probate Court No. 1.

IT IS SO ORDERED.

Marialyn Barnard
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: September 23, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 105968784
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 9/23/2025 2:11 PM CST

Associated Case Party: MarcusT. Barrett

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marvin Pipkin | 16026600 | mpipkin@pipkinlawsatx.com | 9/23/2025 2:03:19 PM | SENT |
| Miranda RoseSalazar | | msalazar@gcaklaw.com | 9/23/2025 2:03:19 PM | SENT |
| Nadeen Abou-Hossa | | nabou-hossa@gcaklaw.com | 9/23/2025 2:03:19 PM | SENT |
| Steve Chiscano | | schiscano@gcaklaw.com | 9/23/2025 2:03:19 PM | SENT |

Associated Case Party: Charlotte Rogers-Barrett

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adrianna LaFuente | | ALaFuente@dykema.com | 9/23/2025 2:03:19 PM | SENT |
| Sarah Maldonado | | smaldonado.eservice@outlook.com | 9/23/2025 2:03:19 PM | SENT |
| Matthew Pepping | | mpepping@dykema.com | 9/23/2025 2:03:19 PM | SENT |
| Katie Oldham | | kaoldham@dykema.com | 9/23/2025 2:03:19 PM | SENT |

Associated Case Party: Mary Rogers-Barrett

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Forrest Seger | 24070587 | tseger@clarkhill.com | 9/23/2025 2:03:19 PM | SENT |