

# The Business Court of Texas,

# Third Division

CADENCE MCSHANE
CONSTRUCTION COMPANY
LLC,

§
§
§
§
§    Cause No. 25-BC03B-0002
§
§
§
§
§

   *Plaintiff,*

v.

RYAN BB-BLOCKHOUSE CREEK,
LLC,

   *Defendants.*

---

*Syllabus*[*]

---

This opinion addresses Defendant's plea to the jurisdiction which challenged the Court's jurisdiction over Plaintiff's third-party claims filed against multiple subcontractors who performed work on a construction project. The Court denied Defendant's plea to the jurisdiction, concluding the third-party claims met the definition of an "action arising out of a qualified transaction" under Section 25A.004(d)(1). Further, the Court found the third-party claims were neither "conjectural, hypothetical or remote" and therefore ripe.

---

[*] The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

2025 Tex. Bus. 43



# The Business Court of Texas, Third Division

| | | |
|---|---|---|
| CADENCE MCSHANE CONSTRUCTION COMPANY LLC, | § § § | |
| *Plaintiff,* | § § | Cause No. 25-BC03B-0002 |
| v. | § § | |
| RYAN BB-BLOCKHOUSE CREEK, LLC, | § § § | |
| *Defendants.* | § | |

## OPINION AND ORDER

### I. Introduction

¶1    This breach of contract case arose from the construction of a large 347-unit apartment complex in Leander, Texas.  The general contractor of the project, Cadence McShane Construction Company LLC ("CMC"), filed a breach of contract lawsuit against Ryan BB-Block House Creek, LLC ("Ryan"), the landowner.  In turn, Ryan filed counterclaims complaining of CMC's alleged mismanagement of the project and a litany of alleged construction defects.

¶2    Later, CMC filed third party claims against 18 subcontractors who performed work on the project. Here, Ryan filed a plea to the jurisdiction challenging the Business Court's jurisdiction over the third-party claims. In this case, the Court must determine whether it has jurisdiction of CMC's claims against the third-party subcontractors. Because the Court concludes that the lawsuit and third-party claims meet the definition of an "action arising out of a qualified transaction" under Section 25A.004(d)(1) and are within the Business Court's jurisdiction, the Court denies Ryan's plea to the jurisdiction.[1]

## II. Background

### A.    Case History

¶3    CMC and Ryan are the original parties to this action. In 2021, Ryan contracted with CMC to serve as the general contractor of a 347-unit apartment complex known as "Blockhouse Creek Farm Multifamily" in Leander, Texas in exchange for a maximum contract payment of $60,547,244.

¶4    Construction began on the project in 2022. By 2024, the relationship between the parties had soured. Ryan allegedly terminated the contract on November 7, 2024, claiming CMC failed to fulfill its duties as general contractor. In turn,

---

[1] Ryan's plea to the jurisdiction also included motions to strike and sever. The Court's Opinion and Order addresses only the jurisdictional challenges outlined in Ryan's plea to the jurisdiction, the other motions are addressed in a separate order and forthcoming order. *See* Ryan BB-Block House Creek's Plea to the Jurisdiction, or in the Alternative, Motion to Strike or Sever Cadence McShane Construction Company Third Party Claims.

CMC asserted that Ryan breached the contract when it failed to pay for construction services performed by CMC.

¶5 On February 6, 2025, CMC filed a lawsuit in the Business Court. CMC's petition challenged Ryan's termination of the contract, alleged Ryan had failed to pay amounts due under the parties' contract, and alleged that Ryan had effectively locked CMC out of the project in violation of the contract. CMC's original petition pled causes of action for breach of contract, violations of the Texas Construction Trust Fund Act, quantum meruit, money had and received, promissory estoppel, violation of the Prompt Payment Act violations, and foreclosure of their lien.

¶6 CMC's petition asserted this Court had subject matter jurisdiction because the contract was a qualified transaction pursuant to Section 25.004(b), and the amount in controversy exceeded $10 million dollars.

¶7 On March 26, 2025, Ryan filed counterclaims against CMC. Ryan alleged CMC breached its contract and failed to fulfill its duties as general contractor and asserted "CMC and its subcontractors failed to properly install and construct, among other things, the roofs, window system, stucco, and balconies."[2] Ryan detailed construction deficiencies throughout the project including the roofing system, shingles, exterior sheathing, air and water barriers, balconies, fire rated

___
[2] Ryan's Counterclaim ¶21, Mar. 26, 2025.

3

assemblies and structural connections and other defective work. Further, Ryan asserted "CMC's failure to provide and maintain a sufficient number of experienced personnel resulted in an overall lack of supervision by CMC of its own people and the subcontractors it engaged."[3] Ryan pleaded causes of action of breach of contract damages, fraud by nondisclosure, fraudulent inducement, and filing of a wrongful lien. Ryan asserted the Business Court had subject-matter jurisdiction over its counter claims because the "dispute arises out of a qualified transaction and the amount in controversy exceeds $10,000,000."[4]

¶8     On June 23, 2025, CMC filed a third-party petition naming 18 different subcontractors that performed work on the Blockhouse Creek Farm Multifamily apartment construction project. CMC's claims were based on a uniform subcontract that it entered with each of the subcontractors that worked on the project.[5] Each subcontract references the "Prime Contract" which is defined as the Con-tract between CMC and Ryan. CMC's subcontractor contracts range in amounts from $40,070 for aluminum storefront doors, to $13,059,500 for wood framing and

---

[3] *Id.* ¶17.

[4] *Id.* ¶4.

[5] CMC alleged causes of action against the subcontractors for breach of contract (additional insurance coverage), breach of contract (contract indemnity), breach of express and implied warranties, and breach of contract, negligence, contribution and comparative responsibility.

various other specified construction work on the project.[6] Only one subcontract exceeded $5 million.[7]

## B.    Ryan's Plea to the Jurisdiction

¶9    On July 23, 2025, Ryan filed its plea to the jurisdiction challenging the Business Court's jurisdiction over CMC's third-party claims against the subcontractors.  Ryan does not dispute that the claims between it and CMC "arise from or relate to a qualified transaction under Section 25A.004(d)(1),"[8] but argues this Court's "original jurisdiction" does not extend to CMC's claims filed against the third-party claims against the 18 subcontractors.[9]

¶10    Specifically, Ryan contends CMC "cannot aggregate" claims against multiple defendant subcontractors with "separate, independent and distinct claims."[10]  Instead, Ryan asserts that "the claims asserted against each defendant are judged separately and must independently lie within the jurisdictional parameters of the court."[11]

¶11    Ryan argues CMC's third-party claims also do not fall within the Court's supplemental jurisdiction because this Court's supplemental jurisdiction

---

[6] *See* Ryan's Reply 4, Sept. 12, 2025.

[7] *Id.*

[8] Ryan's Plea to the Jurisdiction 4, July 23, 2025.

[9] *See id.* at 5.

[10] *Id.*

[11] *Id.* (citing *French v. Moore*, 169 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).

does not extend to claims requiring the joinder of third parties. Alternatively, Ryan challenges the Business Court's jurisdiction on the grounds that CMC's third-party claims for contribution, negligence, breach of contract and breach of warranty are contingent future injuries that may never occur and are therefore unripe.

¶12 In response, CMC primarily argues that Ryan has produced no evidence to refute its assertion that the third-party claims meet the threshold amount in controversy. CMC also asserts that the Business Court has jurisdiction because CMC's third-party claims against the subcontractors "arise out of a qualified transaction," that CMC's claims against the subcontractors—when aggregated—satisfy the jurisdictional limits of the Business Court, and that alternatively the Business Court may exercise supplemental jurisdiction over the third-party claims.[12]

### III. Analysis

**A.    Plea to the Jurisdiction**

¶13 A plea to the jurisdiction challenges the subject matter jurisdiction of the court.[13] Whether a court has subject matter jurisdiction is a question of law.[14] Subject-matter jurisdiction "exists when the nature of the case falls within

---

[12] CMC's Response 8, Sept. 9, 2025.

[13] *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999) (per curiam).

[14] *Texas Dep't. of Parks & Wildlife v. Miranda* 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002)).

the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate."[15]

¶14    Ryan's plea to the jurisdiction calls for the interpretation of statutes to determine the Business Court's subject-matter jurisdiction to hear this suit.  When interpreting a statute, courts generally "'rely on the plain meaning of the statute's words' to discern legislative intent."[16]

### 1.  Section 25A.004

¶15    Through the passage of HB 19, the 88th Legislature created the Business Court as a "specialty trial court" with jurisdiction over defined complex business cases.[17]  H.B. 19 added Chapter 25A to the Texas Government Code which establishes, among other things, the court's jurisdiction, procedures for removal and remand, venue, appellate procedure, and qualifications of judges.  Section 25A.004 of the Government Code defines the Business Court's jurisdiction.  Relevant here, Section 25A.004(d)(1) provides:

---

[15] *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (citing *City of El Paso v. Madero Development*, 803 S.W.2d 396, 399 (Tex. App.—El Paso 1991, writ denied)).

[16] *Aleman v. Texas Medical Board,* 573 S.W.3d 796, 802 (Tex. 2019) (citing *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017)).

[17] *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, 2023 Tex. Sess. Law Serv. 919 (hereafter, "H.B. 19").

(d) The business court has civil jurisdiction concurrent with district courts in the following actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs:

(1) an action arising out of a qualified transaction.[18]

¶16 In turn, Section 25A.001 defines a qualified transaction as "a transaction or series of related transactions . . . under which a party: (A) pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at least $5 million."[19] To determine whether jurisdiction exists, the Court must decide whether CMC's third-party claims fit within the definition of "an action arising out of a qualified transaction" under Section 25A.004(d)(1).[20]

### 2. Courts have construed "action" to mean the entire lawsuit and broadly interpreted the term "arising out of"

¶17 The Court starts with a review of the term "action," a term not defined in Section 25A. The "term 'action' is generally synonymous with 'suit,' which is a demand of one's rights in court."[21] The Texas Supreme Court has defined "action" to include "an entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit, cause, or proceeding."[22] Black's Law

---

[18] TEX. GOV'T CODE § 25A.004(d)(1).

[19] *Id.* § 25A.001(14).

[20] *Id.* § 25A.004(d)(1).

[21] *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 564 (Tex. 2014) (plurality op.) (citing *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995)).

[22] *Id.* at 563–64.

Dictionary defines "action" as "[a] civil or criminal judicial proceeding; esp., law-suit."[23]  And the Texas Business Court has repeatedly recognized that the term "civil action" is synonymous with lawsuit.[24]

¶18  The Court next reviews whether the subcontractors claims "arise out of a qualified transaction."  Chapter 25A does not define "arising out of," but courts have interpreted the phrase as denoting a broad causal relationship.[25]  The Texas Supreme Court has made clear that "arising out" of has "broad significance" and that the plain and common meaning of the phrase means "originating from," "stemming from," "flowing from," or "resulting from."[26]  The Court has analogized "arising out of"  to "but for causation" which it describes as one "without which the event could not have occurred."[27]  The reach of but-for causation is wide, and the Court has described its temporal limitations as having "in itself no limiting principle; it literally embraces every event that hindsight can logically identify in the

---

[23] *Action*, Black's Law Dictionary (12ᵗʰ ed. 2024).

[24] *See C Ten 31 LLC ex rel. Summer Moon Holdings LLC v. Tarbox*, 2025 Tex. Bus. 1, ¶ 26, 708 S.W.3d 223, 235 (3rd Div.); *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3, ¶ 15, 705 S.W.3d 226, 231 (8th Div.); *Yadav v. Agrawal*, 2025 Tex. Bus. 7 ¶ 41, 708 S.W.3d 246, 258 (3rd Div.).

[25] *Atlas IDF, LP v. NexPoint Real Estate Partners, LLC*, 2025 Tex. Bus. 16, ¶ 29, 715 S.W.3d 390, 395 (1st Div.).

[26] *Barrett v. Barrett*, 2025 Tex. Bus. 37 ¶ 12, 2025 WL 2715321 *3; *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017).

[27] *Pinto*, 526 S.W.3d at 438.

causative chain."[28]   Similarly, the Fifth Circuit has concluded that the words "'[a]rising out of' are of much broader significance than 'caused by.'"[29]

¶19   Read together, then, the Court must decide whether this lawsuit (action) including all properly joined counterclaims and third-party claims "originate from" or "flow from" or "result from" a qualified transaction.  The Court concludes that it does.

¶20   CMC's third-party contract claims are based on a Standard Subcontractor Agreement executed by CMC and each of the 18 subcontractors.[30] The Standard Subcontractor Agreement defines the project as construction services in connection with the "Blockhouse Creek Farm Multifamily" in Leander, Texas, the subject of CMC and Ryan's original lawsuit and counterclaim.[31]

¶21   Additionally, each Standard Subcontract Agreement references the "Prime Contract" and each defines the Prime Contract as the contract between "Owner and General Contractor" (CMC and Ryan).  The Standard Subcontract Agreement also contains a requirement that the subcontractor's work must be

---

[28] *Id.*

[29] *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951); *see also Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir. 1998).

[30] Ryan's Plea to the Jurisdiction 3, July 23, 2025.

[31] Ryan's Reply, Exhibit C, Sept. 12, 2025.

performed in accordance with the "Contract Documents" which includes the Prime Contract.[32]

¶22    In sum, this case concerns one construction project carried out through a network of related contracts.  In fact, CMC's subcontract covers not only work to be performed on the same project, it also names the original contract between CMC and Ryan and contains requirements that the subcontractor's work must adhere to the original contract.  The statute places this kind of "action" squarely within the Court's jurisdiction.  Ryan's efforts to carve the dispute into smaller, disconnected pieces, finds no support in the statute, or the evident purpose of Section 25A.004.

¶23    Thus, the Court holds that the Business Court has jurisdiction of this action under Section 25A.004(d)(1).  The Court does not hold that every individual claim in an "action" must independently "aris[e] out of a qualified transaction" for it to be "an action arising out of a qualified transaction."[33]  But when, as here, all of the of the claims in the action arise out of a qualified transaction, there can be little doubt that Section 25A.004(b)(1) is satisfied, so long as the amount-in-controversy is also met.  Neither party disputes that both CMC's original lawsuit and Ryan's counterclaims meet the amount-in-controversy requirements.  And since CMC's third-party claims are filed in the same action, and arise out of a qualified

---

[32] *Id.*

[33] TEX. GOV'T CODE § 25A.004(d)(1).

11

transaction, the Court finds the amount in controversy requirement is met. The Court need not independently assess the amount-in-controversy of the third-party claims individually.[34]

¶24     Finally, in view of its holding that CMC's third-party claims are authorized by Section 24.004(d)(1), the Court need not address the parties' remaining statutory contentions based on Chapter 25A.

**B.     CMC's claims are ripe**

¶25     The Court now turns to Ryan's assertion that CMC's claims against the subcontractors are unripe.

¶26     Ryan asserts that CMC's third-party claims rely on "contingent future injuries that may never occur" and fail to establish a justiciable controversy.[35] Under the ripeness doctrine, courts must "consider whether, at the time a lawsuit is filed, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'"[36] Thus, a ripeness analysis

---

[34] The Court notes that HB 40, passed during the 89th Texas Legislative session, added subsection (i) to 25A.004(d)(1) which provides (i) The amount in controversy for jurisdictional purposes under Subsection (b) or (d) is the total amount of all joined parties' claims. *See* Acts of May 25, 2023, 88th Leg., R.S., Ch. 380, §§1-9, 2023 Tex. Sess. Law Serv. 919, 919–929 (amended 2025) (current version at TEX. GOV'T CODE § 25A.004(d)). Since neither party contests jurisdiction over CMC's petition or Ryan's counterclaims and the Court finds that the "action", including CMC's third party claims, arose out of a qualified transaction and therefore meets the requirements of Section 25A.004(d)(1), the Court need not reach the question of whether the "total amount of all joined parties claims" is met under subsection (i).

[35] Ryan's Plea to the Jurisdiction 10, July 23, 2025.

[36] *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011) (citing *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000)).

focuses on whether a case involves uncertain or contingent future events that may not occur as anticipated or may not occur at all.

¶27   Here, the Court finds that the injuries addressed by CMC third-party claims are neither contingent nor remote.  Both CMC and Ryan's claims are based on the construction of the multi-family development project and the events surrounding that project.  Ryan alleges injuries arising from the subcontractors work, among other things, Ryan has alleged that CMC and its subcontractors failed to properly install and construct "roofs, window system, stucco, and balconies."[37] Ryan's counterclaim goes on to list five pages of alleged construction deficiencies—primarily performed by subcontractors—in granular detail.  Further, Ryan alleges that, "numerous subcontractors were unable to properly, efficiently, and timely prosecute and complete their work."[38]

¶28   In turn, CMC filed its third-party claims against the subcontractors based on Ryan's allegations of construction defects at the project site.  CMC's third-party claims against the subcontractors include causes of action for breach of contract, warranty, indemnity, negligence, contribution and comparative responsibility.  Thus, the subcontractors' work on the project is already a central, ripe issue in this litigation.  Accordingly, CMC's alleged injuries, for which they

---

[37] Ryan's First Amended Counterclaim ¶ 24, Aug. 1, 2025.

[38] *Id.* ¶ 18.

seek redress through the filing of their third-party claims against the subcontractors, is neither "conjectural hypothetical or remote."[39]

## IV. Conclusion

¶29    For the reasons stated above, the Court denies Ryan's Plea to the Jurisdiction.

PATRICK K. SWEETEN
Judge of the Texas Business Court,
Third Division

DATED: November 3, 2025

---

[39] *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 78 (Tex. 2015).

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107617539
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order
Status as of 11/4/2025 9:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephanie Weiss | | sweiss@hudgins-law.com | 11/3/2025 8:40:25 PM | SENT |
| Kerry GSonsino | | ksonsino@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Tracy Glenn | | tglenn@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Stephanie L.O'Rourke | | sorourke@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Scott FCline | | scline@thorntonfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Timothy Price | | tprice@cphattorneys.com | 11/3/2025 8:40:25 PM | SENT |
| Stephanie O'Rourke | 15310800 | sorourke@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Brett Payne | 791417 | PayneVFax@wbclawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Kyle D. Weynand | | KyleWeynand@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Aileen Glaeser | 24106003 | glaeser@mdjwlaw.com | 11/3/2025 8:40:25 PM | SENT |
| Kaylan Dunn | | kaylandunn@huntonak.com | 11/3/2025 8:40:25 PM | SENT |
| Sharon Davis | | sdavis@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Selene Dominguez Pena | 24106929 | pena@mdjwlaw.com | 11/3/2025 8:40:25 PM | SENT |
| William ReeseJones | | bjones@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| N. West Short | | short@westshorthowell.law | 11/3/2025 8:40:25 PM | SENT |
| Jon McNeely | | jmcneely@newton-lawyers.com | 11/3/2025 8:40:25 PM | SENT |
| Adrianna Culbreth | | aculbreth@huntonak.com | 11/3/2025 8:40:25 PM | SENT |
| Jennifer Hornback | | jhornback@huntonak.com | 11/3/2025 8:40:25 PM | SENT |
| West Short & Howell | | service@westshorthowell.law | 11/3/2025 8:40:25 PM | SENT |
| Renee Hamel | | rhamel@thorntonfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Lily Ramirez | | lramirez@mwl-law.com | 11/3/2025 8:40:25 PM | SENT |
| Veronica Negron | | vnegron@fmglaw.com | 11/3/2025 8:40:25 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107617539
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order
Status as of 11/4/2025 9:12 AM CST

Case Contacts

| Veronica Negron | | vnegron@fmglaw.com | 11/3/2025 8:40:25 PM | SENT |
|---|---|---|---|---|
| Nancy Cuello | | ncuello@thorntonfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Michael T.Howell | | howell@westshorthowell.law | 11/3/2025 8:40:25 PM | SENT |
| Jeremy N.Sandoval | | sandoval@westshorthowell.law | 11/3/2025 8:40:25 PM | SENT |
| Brittany Watson | | bwatson@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Alex Gebert | | alex.gebert@fmglaw.com | 11/3/2025 8:40:25 PM | SENT |
| Josie Robertson | | jrobertson@newton-lawyers.com | 11/3/2025 8:40:25 PM | SENT |
| Sharlyn MZenteno | | sharlynzenteno@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Ashley  Valencia | | ashleyvalencia@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Sandra Young | | syoung@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Andrea Fratus | | edocket@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Benjamin Bonney | | bbonney@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Bret A.Sanders | | bsanders@feesmith.com | 11/3/2025 8:40:25 PM | SENT |
| Cristie Montgomery | | cristie@westshorthowell.law | 11/3/2025 8:40:25 PM | SENT |
| Heath Grob | | heath@heathgroblawoffice.com | 11/3/2025 8:40:25 PM | SENT |
| Mara Salazar | | msalazar@newton-lawyers.com | 11/3/2025 8:40:25 PM | SENT |
| Seth Toups | | stoups@hudgins-law.com | 11/3/2025 8:40:25 PM | SENT |
| Jocelyn Flores | | jflores@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Nicholas Kostetsky | | nkostetsky@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Nicholas Kostetsky | | nkostetsky@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Russell  JHems | | rhems@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Patrick Robson | | probson@hunton.com | 11/3/2025 8:40:25 PM | SENT |
| Spencer Edwards | | SEdwards@Hudgins-Law.com | 11/3/2025 8:40:25 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107617539
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order
Status as of 11/4/2025 9:12 AM CST

Case Contacts

| Spencer Edwards | | SEdwards@Hudgins-Law.com | 11/3/2025 8:40:25 PM | SENT |
|---|---|---|---|---|
| Mallorie Walker | | MWalker@Hudgins-Law.com | 11/3/2025 8:40:25 PM | SENT |
| Abe Franco | | afranco@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Russel Hems | | rhems@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Cilvia Velasquez | | cdadmin@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Wesson HTribble | | wtribble@tribblelawfirm.com | 11/3/2025 8:40:25 PM | SENT |
| C. HeatherDetrixhe | | chdetrixhe@mwl-law.com | 11/3/2025 8:40:25 PM | SENT |
| Kaylan Dunn | | kaylandunn@hunton.com | 11/3/2025 8:40:25 PM | SENT |
| M. JasonSpivey | | spivey@mdjwlaw.com | 11/3/2025 8:40:25 PM | SENT |
| Brittney Delgado | | bdelgado@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Majda Kacevic | | majda@heathgroblawoffice.com | 11/3/2025 8:40:25 PM | SENT |
| Justin King | | justin@heathgroblawoffice.com | 11/3/2025 8:40:25 PM | SENT |
| Mayra Zavala | | mayrazavala@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Business Court Division 3B | | BCDivision3B@txcourts.gov | 11/3/2025 8:40:25 PM | SENT |
| Aimee DVelez | | avelez@thorntonfirm.com | 11/3/2025 8:40:25 PM | SENT |
| Veronica Gallegos | | vgallegos@hunton.com | 11/3/2025 8:40:25 PM | SENT |
| Julie Short | | jshort@feesmith.com | 11/3/2025 8:40:25 PM | SENT |
| Claudia Morales | | cmorales@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Alexandra Thorne | | AlexandraThorne@mehaffyweber.com | 11/3/2025 8:40:25 PM | SENT |
| Karin Durio | | kdurio@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Clint Fagan | | fagan@westshorthowell.law | 11/3/2025 8:40:25 PM | ERROR |
| Patrick Mulry | | Patrick.Mulry@fmglaw.com | 11/3/2025 8:40:25 PM | SENT |
| Sallye A.Evans | | sevans@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107617539
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order
Status as of 11/4/2025 9:12 AM CST

Case Contacts

| Sallye A.Evans | | sevans@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
|---|---|---|---|---|
| Justin Rorick | | jrorick@cokinoslaw.com | 11/3/2025 8:40:25 PM | SENT |
| Eric M.Garza | | EGarza@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Venessa Rodriguez | | vrodriguez@feesmith.com | 11/3/2025 8:40:25 PM | SENT |
| Thomas Mailloux | | tmailloux@mayerllp.com | 11/3/2025 8:40:25 PM | SENT |
| Trace Sexton | | tsexton@feesmith.com | 11/3/2025 8:40:25 PM | SENT |