**2025 Tex. Bus. 48**



## The Business Court of Texas, First Division

| | | |
|---|---|---|
| SUN METALS GROUP, LLC, | § | |
|    *Plaintiff/Counter-Defendant*, | § | |
| | § | |
| v. | § | |
| | § | Cause No. 25-BC01A-0050 |
| SHUANGCHENG YU, | § | |
| MENGLING SUN, SUNMETALS | § | |
| PRODUCTS OF AMERICA, LLC, | § | |
| and SUNMETALS PRODUCTS | § | |
| DE MEXICO, S.A. de C.V., | § | |
|    *Defendants/Counter-Plaintiffs*. | § | |

═══════════════════════════════════════════════

### Memorandum Opinion & Order for Remand

═══════════════════════════════════════════════

¶1 Before the Court is *Plaintiff Sun Metals Group, LLC's Motion to Remand Baselessly and Tardily Removed Action Involving Less than $5million in Pleaded and Disclosed Compensatory Damages <u>and</u> Request for Evidentiary Hearing on Motion for Sanctions Under TRCP 355 and Ch. 25A*. Plaintiff's motion challenges this Court's subject-matter jurisdiction on two grounds: (1) Plaintiff's asserted damages do not meet this Court's $5,000,000

jurisdictional threshold, and (2) Defendants' removal was untimely. Following an oral hearing on December 1, 2025, the Court GRANTS Plaintiff's motion to remand for untimeliness.

¶2    Section 25A.006(f) of the Texas Government Code allows a party's unilateral removal to the Business Court in two circumstances. *See* TEX. GOV'T CODE § 25A.006(f)(1)-(2). As is relevant here, Subsection (1) allows a party to remove the action "not later than the 30th day after the later of: . . . (B) the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." TEX. GOV'T CODE § 25A.006(f)(1); *see also* Tex. R. Civ. P. 355(c)(2)(A).

¶3    In its motion to remand, Plaintiff argues that Defendants' removal of this action is untimely because the "lawsuit has been pending for ten (10) months" in the district court. Plaintiff's Motion to Remand at ¶ 1. However, the window for removal under Section 25A.006(f)(1)(B) is open through the "30th day after . . . the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." TEX. GOV'T CODE § 25A.006(f)(1)(B).

¶4 Defendants contend that the 30-day window for removal opened on October 27, 2025, when they filed *Defendants' Fourth Amended Answer, Affirmative Defenses and Third Amended Counterclaim*, which contained a counterclaim with damages in the amount of $710,000. *See* Defendants' Fourth Amended Answer at ¶¶ 81-82. As Defendants see it, those damages pushed the amount in controversy over this Court's jurisdictional threshold amount *for the first time*—and constituted facts establishing this Court's jurisdiction.[1] Because Defendants filed their *Notice of Removal* on October 28, 2025, they believe their removal was timely. But having closely examined the pleadings in this action, the Court concludes Defendants' basis for removal was evident no later than September 8, 2025.

¶5 On that date, Plaintiff filed *Plaintiff's Second Amended Petition Request for Declaratory Judgment*, which raised Plaintiff's asserted damages

---

[1] Plaintiff argues Defendants' counterclaims are irrelevant to the Court's analysis. But the Business Court has made clear that the amount in controversy applies to an "action," not individual claims. *C Ten 31 LLC v. Tarbox*, 2025 Tex. Bus. 1, ¶ 25 (3rd Div. 2025). Thus, when calculating the amount in controversy, the Court "consider[s] all claims properly joined before the Court, rather than as a per-claim minimum." *Id*. All claims properly joined before the Court—that is, the "entire lawsuit"—includes counterclaims. *Chaudhry v. Stillwater Oz Dev. Fund*, 2025 Tex. Bus. 31, ¶ 92 (1st Div. 2025) (stating that party's "counterclaims are part of th[e] lawsuit"); *see also In Re T. Bently Durant*, 720 S.W.3d 438, 442 (Tex. App.—15th Dist. 2025) (stating that "'action' refers to the entire lawsuit"). Defendants' counterclaims were pending at removal, rendering their value relevant.

and costs to "over $3,343,694.58." Plaintiff's Second Amended Petition at ¶ 3.1. Defendants read that pleading as putting Plaintiff's "identified and ascertainable governance-related claims" at a "total [of] at least $4,669,518.37." Defendants' Response to Motion at ¶ 15. No finding is made as to whether Defendants' reading is accurate because it is immaterial to the outcome.

¶6    Importantly, by the time Plaintiff filed its Second Amended Petition, Defendants had already asserted materially significant damages in their counterclaims. *Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims*, filed (before Plaintiff's Second Amended Petition) on August 13, 2025, contained, inter alia, alternative causes of action for breach of contract with damages in the amount of $499,823.79 and for money had and received with damages in the amount of $712,529.45. *See* Defendants' Second Amended Answer at ¶¶ 53, 56; *see also* Defendants' Original Answer at ¶¶ 44, 47, 49 (identifying same causes of action but not in the alternative).

¶7    Consequently, even taking the damage calculations limned in Defendants' response as accurate, *see* Defendants' Response to Motion at ¶ 14, the damages which Defendants contend satisfy this Court's jurisdictional

requirement were facially pleaded by the combination of Plaintiff's September 8, 2025 petition with Defendants' prior August 13, 2025 counter-petition—not, as Defendants argue, upon the combination of Plaintiff's September 8, 2025 petition with Defendants' later October 27, 2025 counter-petition. Thus, the deadline for removing this action from the district court to the Business Court elapsed on October 8, 2025, 30 days after Plaintiffs' September 8, 2025 petition was filed. Defendants' *Notice of Removal*, filed October 28, 2025, was untimely.

¶8     IT IS THEREFORE ORDERED that Plaintiff's motion to remand is GRANTED, and this matter, including Plaintiff's pending request for sanctions, is remanded to the 14th Judicial District Court, Dallas County, Texas, for further proceedings.


ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: December 5, 2025.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108793607
Filing Code Description: Proposed Order
Filing Description: Memorandum Opinion and Order for Remand
Status as of 12/5/2025 4:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Ritter | | dritter@ritterspencercheng.com | 12/5/2025 4:42:07 PM | SENT |
| David Ritter | | dritter@ritterspencercheng.com | 12/5/2025 4:42:07 PM | SENT |
| David Ritter | | dritter@ritterspencercheng.com | 12/5/2025 4:42:07 PM | SENT |
| Natalie Ortiz | | admin@ritterspencercheng.com | 12/5/2025 4:42:07 PM | SENT |
| Skyela Richards | | srichards@ritterspencercheng.com | 12/5/2025 4:42:07 PM | SENT |
| Tracy Lin | | tlin@sandorslaw.com | 12/5/2025 4:42:07 PM | SENT |
| Oscar ReyRodriguez | | REY@orrattorney.com | 12/5/2025 4:42:07 PM | SENT |