**2026 Tex. Bus. 1**



**The Business Court of Texas,
First Division**

| | |
|---|---|
| SUN METALS GROUP, LLC, §<br>   *Plaintiff/Counter-Defendant,* §<br>§<br>v. §<br>§<br>§  Cause No. 25-BC01A-0050<br>SHUANGCHENG YU, §<br>MENGLING SUN, SUNMETALS §<br>PRODUCTS OF AMERICA, LLC, §<br>and SUNMETALS PRODUCTS §<br>DE MEXICO, S.A. de C.V., §<br>   *Defendants/Counter-Plaintiffs.* § | |

═══════════════════════════════════════════

**Opinion and Order Denying Reconsideration of Remand
and Denying Alternative Relief**

═══════════════════════════════════════════

¶1    Before the Court is *Defendants' Motion for Reconsideration of Remand Order or in the Alternative, Motion for Permission to Appeal Interlocutory Order under Texas Civil Practice & Remedies Code § 51.014(d).* The motion challenges the Court's opinion and order, which remanded the case back to District Court on untimeliness grounds. *Sun Metals Grp. v. Yu*, 2025 Tex. Bus. 48, ¶ 7 (1st Div. 2025) (mem. op.). Defendants contend that

the Court erred in considering the value of claims they identify as "supplemental" when calculating the amount in controversy (Defendants' Motion for Reconsideration at ¶ 1), which established the date on which Defendants had knowledge of facts giving rise to the Court's jurisdiction. *See* TEX. GOV'T CODE § 25A.006(f)(1)(B) (describing 30-day window for removal). Upon consideration of the parties' arguments, Defendants' motion is DENIED.

¶2    Defendants' notice of removal invoked this Court's jurisdiction under Section 25A.004(b), which provides (in relevant part):

> *Subject to Subsection (c), the business court has civil jurisdiction concurrent with district courts in the following **actions**, including actions in which a district court has exclusive jurisdiction, in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs: . . .*
>
> *(2) an **action** regarding the governance, governing documents, or internal affairs of an organization; . . .*
>
> *(4) an **action** by an organization, or an owner of an organization, if the action:*
>
> > *(A) is brought against an owner, controlling person, or managerial official of the organization; and*
> >
> > *(B) alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization;*
>
> *(5) an **action** alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an*

*owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith; . . . and*

*(7) an **action** arising out of the Business Organizations Code.*

TEX. GOV'T CODE § 25A.004(b)(2), (4), (5), (7) (emphases added).

¶3    Importantly, the statute grants the Court jurisdiction over enumerated **actions**. This Court, from the outset, has consistently interpreted Chapter 25A's use of action to mean the entire lawsuit. *See, e.g., Tema Oil & Gas Co. v. ETC Field Servs.*, 2024 Tex. Bus. 3, ¶ 15 (8th Div. 2024, pet. dism'd); *C Ten 31 v. Tarbox*, 2025 Tex. Bus. 1, ¶¶ 25-26 (3d Div. 2025, no pet.). The Fifteenth Court of Appeals has held the same. *In re Durant*, 720 S.W.3d 438, 442 (Tex. App.—15th Dist. 2025, orig. proceeding) (stating "'action' refers to the entire lawsuit—not individual claims or causes of action . . ."). An action encompasses all claims and counterclaims. *Yadav v. Agrawal*, 2025 Tex. Bus. 7, ¶ 41 (3d Div. 2025, no pet.).

¶4    Thus, where suit is brought in, or removed to, this Court under Section 25A.004(b)(2), (4), (5), or (7), Section 25A.004(b) grants the Court jurisdiction over the entire action unless otherwise proscribed by the statute. *Cf. Chaudhry v. Stillwater* Cap. *Invs.*, 2025 Tex. Bus. 31, ¶ 59 (1st Div. 2025, no pet.) (stating that the "removal notice removes the entire action"). In

particular, Sections 25A.004(g) and (h) expressly carve out of the Court's jurisdiction specific claims. *See* TEX. GOV'T CODE § 25A.004(g), (h). For some claims, the carve out is categorical; the Court can never hear them. TEX. GOV'T CODE § 25A.004(h). For other claims, the carve out is conditional; the Court can hear them if supplemental jurisdiction can be exercised over them. TEX. GOV'T CODE § 25A.004(g). The case at bar involves neither. Accordingly, all claims in this suit are part of the action subject to removal under the jurisdictional grant in Section 25A.004(b).

¶5    Defendants' contrary interpretation reads the Legislature's jurisdictional grant in Section 25A.004(b) as limited to itemized claims and construes every other claim as "supplemental." But this interpretation is inconsistent with the Business Court's reading of "action," as well as our direct appellate guidance on the same. *See Durant*, 720 S.W.3d at 442; *SafeLease Ins. Servs. v. Storable*, 2025 Tex. Bus. 6, ¶ 9 (3d Div. 2025, no pet.) (listing cases). Where action means the entire case, the grant of jurisdiction over the action broadly encompasses all joined parties and claims, except where restricted as set forth in Section 25A.004(g) and (h). *See* TEX. GOV'T CODE § 25A.004. There simply are no "supplemental" claims in this case, as Defendants contend.

¶6    Chapter 25A states: "[t]he amount in controversy for jurisdictional purposes under Subsection (b) or (d) is the total amount of all joined parties' claims." TEX. GOV'T CODE § 25A.004(i). The Court did not err in considering the cumulative value of all joined parties' claims to determine the point in time when this Court's jurisdictional threshold was first satisfied, opening the window—and starting the clock—for removal of the action to this Court.

¶7    Section 25A.006(f)(1) allows a party to remove an action "not later than the 30th day after the later of: . . . (B) the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." TEX. GOV'T CODE § 25A.006(f)(1); *see also* Tex. R. Civ. P. 355(c)(2)(A). The Court previously concluded, and still concludes, Defendants' basis for removal was evident no later than September 8, 2025. *Sun Metals Grp.*, 2025 Tex. Bus. 48 at ¶ 7. Thus, Defendants' October 28, 2025 *Notice of Removal* was untimely.[1]

---

[1] Defendants complain that the Court "remanded this case based on grounds that were not briefed by the parties and that were raised by the Court on its own initiative" (Defendants' Motion for Reconsideration at ¶ 19). But Plaintiff's motion to remand expressly challenged the timeliness of the removal (Plaintiff's Motion to Remand at ¶¶ 4, 7, 9), and Defendants responded directly (Defendants' Response to Plaintiff's Motion to Remand at ¶¶ 23-24 ("The Removal was Timely")). Where timeliness was squarely raised by the motion and response, the Court did not err in assessing timeliness without further notice to the parties.

¶8 Finally, the Court declines Defendants' request for permission to file an interlocutory appeal. While there may be few and finite written opinions on Chapter 25A thus far, the Court's reading of "action" in Section 25A.004(b) is not a question of law about which there is a substantial ground for difference of opinion. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d)(1). The Business Court and the Fifteenth Court of Appeals have uniformly read "action" to mean the entire case, not just discrete claims therein. *See, e.g., SafeLease*, 2025 Tex. Bus. 6 at ¶ 9 (listing cases); *Durant*, 720 S.W.3d at 442. For this reason alone, a permissive appeal would not be warranted.

¶9 Separately, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d)(2). Material advancement is not evident "when other issues are left pending in the litigation." *Singh v. RateGain Travel Techs., Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at *2 (Tex. App.—Dallas Dec. 14, 2023, no pet.) (mem. op.). Here, neither removal nor remand resolves claims; all substantive issues in the case remain pending. Defendants argue that remand would result in "litigating in a forum that may later be determined to lack jurisdiction" (Defendants' Motion for Reconsideration at ¶ 36), but this Court's jurisdiction is concurrent with, and does not extinguish, district court

jurisdiction. *See* TEX. GOV'T CODE § 25A.004(b). In either forum, the entire case must proceed to trial, so a permissive appeal would not advance case resolution. *See also In re ETC Field Servs., LLC*, 707 S.W.3d 924, 930 (Tex. App.—15th Dist. 2025, orig. proceeding) ("hold[ing] that in these early days of business court litigation, remand and removal is subject to review by mandamus according to the same principles and rules as in any other pretrial orders").

¶10  IT IS THEREFORE ORDERED that Defendants' motion for reconsideration and for alternative relief in the form of a permissive appeal is DENIED; and the case remains remanded back to the 14th Judicial District Court, Dallas County, Texas, for further proceedings.

ANDREA K. BOURESSA
Judge of the Texas Business Court,
First Division

SIGNED ON: January 6, 2026.